| | |
|---|---|
| UNITED STATED BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>FITZPATRICK LENTZ & BUBBA, P.C.<br>Douglas J. Smillie, Esquire<br>Joseph S. D'Amico, Jr., Esquire<br>Two City Center<br>645 West Hamilton Street – Suite 800<br>Allentown, PA 18101-2197<br>Telephone: (610) 797-9000<br>Facsimile: (610) 797-6663<br>Email: dsmillie@flblaw.com<br>       jdamico@flblaw.com<br><br>Counsel for Defendant<br>Talen Energy Marketing, LLC | |
| In re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>                Debtor. | Chapter 11<br><br>Case No. 21-16520-JNP |
| ALUMINUM SHAPES, L.L.C.,<br><br>                Plaintiff,<br><br>      v.<br><br>TALEN ENERGY MARKETING, LLC,<br><br>                Defendant. | ADVERSARY NO. 21-01465-JNP |

**ANSWER TO AMENDED COMPLAINT**

Defendant, Talen Energy Marketing, LLC ("Talen" or "Defendant"), by and through their counsel, Fitzpatrick Lentz & Bubba, P.C., answer the Amended Complaint of the Plaintiff, Aluminum Shapes, L.L.C. (the "Debtor" or "Plaintiff"), and in response, avers as follows:

**PRELIMINARY STATEMENT**

1. Admitted.

2. Denied. On the contrary, this Adversary Proceeding arises from the Debtor's misplaced attempt to avoid a properly perfected judicial lien.

3. Denied. The allegations of the paragraph constitute conclusions of law to which no response is required, and which are deemed denied.

4. Denied. To the extent a response is required, the allegations of the paragraph are denied.

## I. PARTIES

5. Admitted.

6. Admitted.

## II. JURISDICTION AND VENUE

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. No response required.

## III. BACKGROUND

### The Debtor's Business and Bankruptcy

12. Admitted, upon information and belief.

13. Denied as stated. On the contrary, as alleged in the Amended Complaint, the Debtor has sold substantially all of its assets.

14. Denied, for the reasons set forth in paragraph 13, above.

15. Admitted, upon information and belief.

16. Denied. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, they are denied.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Denied. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, they are denied.

22. Admitted.

23. Admitted.

24. Admitted.

25. Denied. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, they are denied.

26. Denied. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, they are denied.

27. Denied. To the extent a response is required, the allegations of this paragraph are denied.

### The Creditor's Claims

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted in part, denied in part. It is admitted that the Judgment was registered and domesticated in New Jersey; however, the date upon which the Judgment was registered and domesticated in New Jersey was April 15, 2021.

34. Admitted.

35. Admitted. By way of further response, the Motion to Compel was filed due to the witness's failure to appear at a deposition first noticed for March 31, 2012, and later rescheduled for April 16, 2021. The deposition finally occurred on June 15, 2021 and, even then, the Debtor failed to produce documents which had been requested as early as March 17, 2021 and which its counsel had agreed to produce.

36. Admitted. By way of further response, the deposition in aid of execution should have occurred, but for Debtor's lack of cooperation. In addition, prior to the issuance of the Writ in New Jersey, Talen obtained and executed a writ of execution seeking to levy upon the Debtor's bank accounts with Wells Fargo located in Pennsylvania. Talen also commissioned a lien search in New Jersey and searched the judgment records.

37. Denied. On the contrary and in accordance with the language set forth in the Court-required Writ of Execution, the United States Marshal conducted a conditional levy upon the Debtor's personal and real property on May 6, 2021. As expressly stated in Exhibit C to the Amended Complaint, the Writ directed the United States Marshal to "to satisfy the said judgment out of the personal property of the said judgment debtor as set forth in the attached affidavit and if sufficient personal property cannot be found then out of the real property belonging to such

judgment debtor at the time said judgment was entered in the Office of the Clerk of this Court …."(the "Conditional Levy"). The use of a conditional levy has expressly been upheld by the Bankruptcy Courts in the District in <u>In re McLaughlin</u>, Case No. 03-23717, Adv. No. 03-1957 (KCF), at p. 7-8 (Bankr. D.N.J. April 19, 2004).and <u>In re Hillesland,</u> Adv. Pro. No. 20-01023 (CMG),2020 WL 4809882 (Bankr. D. N.J. August 18, 2020).

38. Admitted in part, denied in part. It is admitted that Talen continued to seek discovery in aid of execution. It is denied that a simultaneous levy occurred; rather Talen had caused the United States Marshal to conduct a Conditional Levy.

39. Admitted. By way of further response, Talen was still in the process of attempting to compel the Debtor to fulfill its discovery obligations and produce requested documentation when the Petition was filed.

40. Admitted in part, denied in part. It is admitted that the Debtor caused a payment of $100,000 to be made to Talen. Upon information and belief, the payment was not made by the Debtor and therefore the allegation to the contrary is denied. Further, after reasonable investigation Talen lacks knowledge or information sufficient to form a belief as to the truth of the Debtor's stated reason for the payments and therefore that allegation is denied.

41. Admitted in part, denied in part. It is admitted that the United States Marshal was not directed to cause any of the Debtor's assets to be sold after May 14, 2021. The Marshall had already caused a Conditional Levy to be made upon the Debtor's personal and real property and such levy created a valid lien on the Debtor's property, both real and personal. The levy was not evidence of the lien, but perfection thereof.

42. Admitted.

43. Admitted.

## ANSWER TO FIRST COUNT
## AVOIDANCE OF THE LIEN UNDER 11 U.SC. § 544

44. Talen incorporates herein by reference its responses to paragraphs 1 through 43, above, as if set forth at length.

45. Denied. The allegations of the paragraph constitute conclusions of law to which no response is required, and which are deemed denied.

46. Denied. The allegations of the paragraph constitute conclusions of law to which no response is required, and which are deemed denied.

47. Denied. The allegations of the paragraph constitute conclusions of law to which no response is required, and which are deemed denied.

48. Denied. The allegations of the paragraph constitute conclusions of law to which no response is required, and which are deemed denied.

49. Denied. The allegations of the paragraph constitute conclusions of law to which no response is required, and which are deemed denied.

50. Denied. The allegations of the paragraph constitute conclusions of law to which no response is required, and which are deemed denied. By way of further response, Exhibit C to the Amended Complaint establishes that Talen caused a Conditional Levy to be effectuated.

51. Denied. On the contrary, Talen continued to pursue discovery in aid of execution after service of the Conditional Levy in order satisfy the condition that the Marshal first satisfy the judgment out of personal property and then, if such personal property was insufficient, from the Debtor's real property.

52. Denied. On the contrary, Talen made extensive good faith efforts to locate and identify personal property of the Debtor from which its Judgment could be satisfied.

53. Denied. On the contrary, Talen made extensive good faith efforts to locate and identify personal property of the Debtor from which its Judgment could be satisfied.

54. Denied. The allegations of the paragraph constitute conclusions of law to which no response is required, and which are deemed denied.

55. Denied. The allegations of the paragraph constitute conclusions of law to which no response is required, and which are deemed denied. By way of further response, the use of a Conditional Levy, such as employed by Talen, is entirely appropriate, is implicitly required by the Court-required Writ of Execution form and has been upheld by the Courts of this District.

56. Denied. The allegations of the paragraph constitute conclusions of law to which no response is required, and which are deemed denied.

57. Denied. The allegations of the paragraph constitute conclusions of law to which no response is required, and which are deemed denied.

58. Denied. The allegations of the paragraph constitute conclusions of law to which no response is required, and which are deemed denied.

WHEREFORE, Answering Defendant, Talen Energy Marketing, LLC, demands that judgment be entered in its favor and Plaintiff's Amended Complaint be dismissed with prejudice.

## ANSWER TO SECOND COUNT
## DISALLOWANCE OF PROOF OF CLAIM UNDER 11 U.S.C. § 502(d)

59. Talen incorporates herein by reference its responses to paragraphs 1 through 58, above, as if set forth at length.

60. Denied. The allegations of the paragraph constitute conclusions of law to which no response is required, and which are deemed denied.

61. Denied as stated. Talen's filed Proof of Claim is a document which speaks for itself. By way of further response, a properly prepared proof of claim constitutes prima facie evidence of the validity and amount of the claim and is deemed allowed.

62. Denied. The allegations of the paragraph constitute conclusions of law to which no response is required, and which are deemed denied.

63. Denied. The allegations of the paragraph constitute conclusions of law to which no response is required, and which are deemed denied. By way of further response, Talen has nothing to return and, in reality, this Count is nothing more than an objection to Talen's Proof of Claim.

WHEREFORE, Answering Defendant, Talen Energy Management, LLC, demands that judgment be entered in its favor allowing its Proof of Claim as filed and that Plaintiff's Amended Complaint be dismissed with prejudice.

## ANSWER TO THIRD COUNT
## DISALLOWANCE OF PROOF OF CLAIM UNDER 11 U.S.C. § 502(b)(1)

64. Talen incorporates herein by reference its responses to paragraphs 1 through 63, above, as if set forth at length.

65. Denied as stated. Talen's filed Proof of Claim is a document which speaks for itself. By way of further response, a properly prepared proof of claim constitutes prima facie evidence of the validity and amount of the claim and is deemed allowed.

66. Admitted. By way of further response, a properly prepared proof of claim constitutes prima facie evidence of the validity and amount of the claim and is deemed allowed.

67. Denied as stated. Talen's filed Proof of Claim is a document which speaks for itself. By way of further response, a properly prepared proof of claim constitutes prima facie evidence of the validity and amount of the claim and is deemed allowed. Here, any additional documentation, if required, had been appended to the Amended Complaint.

68. Denied. The allegations of the paragraph constitute conclusions of law to which no response is required, and which are deemed denied.

WHEREFORE, Answering Defendant, Talen Energy Management, LLC, demands that judgment be entered in its favor allowing its Proof of Claim as filed and that Plaintiff's Amended Complaint be dismissed with prejudice

## ANSWER TO FOURTH COUNT
## DETERMINATION OF SECURED CLAIM AND BIFURCATION OF CLAIM UNDER 11 U.S.C. § 506(a)(1)

69. Talen incorporates herein by reference its responses to paragraphs 1 through 68, above, as if set forth at length.

70. Denied. The allegations of the paragraph constitute conclusions of law to which no response is required, and which are deemed denied.

71. Denied. The allegations of the paragraph constitute conclusions of law to which no response is required, and which are deemed denied. By way of further response, Talen asserts that its Conditional Levy serves to create a valid lien on the Debtor's real property and there is sufficient equity after the sale such that Talen's claim is fully secured.

72. Denied as stated. The allegations of this paragraph are incomprehensible such that Talen cannot form a response. To the extent that the Debtor is attempting to allege that there is no equity in its personal property to which its lien could attach, Talen asserts that its Conditional Levy serves to create a valid lien on the Debtor's real property and there is sufficient equity after the sale such that Talen's claim is fully secured.

73. Denied. Based upon the value of the Debtor's property after the sale and payment of priority secured debt, there is sufficient equity such that Talen's claim is fully secured.

WHEREFORE, Answering Defendant, Talen Energy Management, LLC, demands that judgment be entered in its favor allowing its Proof of Claim as fully secured and that Plaintiff's Amended Complaint be dismissed with prejudice.

## ANSWER TO FIFTH COUNT
## LIEN STRIP OF UNSECURED CLAIM UNDER 11 U.S.C. § 506(d)

74. Talen incorporates herein by reference its responses to paragraphs 1 through 73, above, as if set forth at length.

75. Denied. The allegations of the paragraph constitute conclusions of law to which no response is required, and which are deemed denied.

76. Denied. The allegations of the paragraph constitute conclusions of law to which no response is required, and which are deemed denied.

WHEREFORE, Answering Defendant, Talen Energy Management, LLC, demands that judgment be entered in its favor allowing its Proof of Claim as fully secured and that Plaintiff's Amended Complaint be dismissed with prejudice

## FIRST AFFIRMATIVE DEFENSE

1. The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. The Amended Complaint is barred, in whole or in part, by the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

3. Talen caused a Conditional Levy to be issued in accordance with applicable law, and pursuant to the court-mandated form of writ of execution, which expressly provides for a two-step conditional execution process (See Amended Complaint Exhibit C).

4.      The Conditional Levy instructed the Marshal to first satisfy the judgment from the personal property of the Debtor and, if insufficient personal property was found, to cause the judgment to be satisfied from the Debtor's real property (Id.). Specifically, the Writ directed the United States Marshal to "to satisfy the said judgment out of the personal property of the said judgment debtor as set forth in the attached affidavit and if sufficient personal property cannot be found then out of the real property belonging to such judgment debtor at the time said judgment was entered in the Office of the Clerk of this Court …."(the "Conditional Levy"). The use of a Conditional Levy has expressly been upheld by the Bankruptcy Courts in the District in In re McLaughlin, Case No. 03-23717, Adv. No. 03-1957 (KCF), at p. 7-8 (Bankr. D.N.J. April 19, 2004).and In re Hillesland, Adv. Pro. No. 20-01023 (CMG),2020 WL 4809882 (Bankr. D. N.J. August 18, 2020). There is a crucial distinction between what the Debtor has alleged and what actually occurred.

5.      Talen did not instruct the Marshal to sell any of the Debtor's personal property or real property, as Talen's investigation into the Debtor's personal property was on-going at the time of the Bankruptcy filing.

6.      The Amended Complaint mistakenly conflates a levy with a judicial sale. Under applicable New Jersey law, a creditor may levy upon personal property and real property at the same time, provided that no sale of real property shall occur until such time as the Debtor's personal property has first been exhausted; i.e., the levy is conditional.

7.      In this case, the Debtor alleges that all of its personal property was subject to valid security interests which exceeded the value of its personal property, such that any recovery by Talen would come only from a sale of the Debtor's real property.

8. Unlike other creditors in this bankruptcy proceeding, Talen took appropriate steps to enforce its judgment and to perfect a lien on the Debtor's real and personal property by virtue of the entry and enforcement of its judgment through the issuance of the Conditional Levy, and its extensive good faith efforts to identify the Debtor's personal property prior to exposing any property, personal or real, to judicial sale.

9. The Conditional Levy created a valid lien on the Debtor's real property as Talen fully complied with applicable New Jersey law in making both a good faith effort to identify the Debtor's real property and in causing the issuance of a Conditional Levy on the Debtor's personal and real property.

10. The Debtor has no basis upon which to avoid Talen's lien and therefore, such lien must be treated as fully secured in this Bankruptcy proceeding.

## FOURTH AFFIRMATIVE DEFENSE

11. None of the applicable avoidance powers available to the Debtor under the Bankruptcy Code provide for the avoidance of Talen's duly perfected judgment lien in this case.

## FIFTH AFFIRMATIVE DEFENSE

12. The Amended Complaint is barred by the Debtor's unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

13. The net value of the Debtor's assets, including the unencumbered value of its real property, exceeds the value of the Talen's lien and any liens having priority to Talen's lien and, therefore, there is no basis upon which to "strip off" Talen's lien.

## SEVENTH AFFIRMATIVE DEFENSE

14. The net value of the Debtor's assets, including the unencumbered value of its real property, exceeds the value of the Talen's lien and any liens having priority to Talen's lien and, therefore, there is no basis upon which bifurcate Talen's secured claim.

## EIGHTHTH AFFIRMATIVE DEFENSE

15. Talen has not failed or refused to turn over or to return any property to the Debtor and, therefore, there is basis upon which to disallow Talen's duly filed proof of claim.

WHEREFORE, Answering Defendant, Talen Energy Management, LLC, demands that judgment be entered in its favor allowing its Proof of Claim as fully secured and that Plaintiff's Amended Complaint be dismissed with prejudice.

FITZPATRICK LENTZ & BUBBA, P.C.

Date: March 23, 2022

BY: */s/Douglas J. Smillie*
Douglas J. Smillie
Attorney I.D. No. 004531984
Joseph S. D'Amico, Jr.
Attorney I.D. No. 007271993
Two City Center
645 West Hamilton Street – Suite 800
Allentown, PA 18101-2197
(610) 797-9000
Attorneys for Defendant
Talen Energy Marketing, LLC

# CERTIFICATE OF SERVICE

I, Douglas J. Smillie, attorney for Defendant, do hereby certify that a copy of the foregoing document has been served on all parties by First Class United States Mail, postage pre-paid or by electronic means at the following address:

>Edmond M. George, Esquire
>Michael D. Vagnoni, Esquire *(pro hac vice)*
>Turner N. Falk, Esquire
>OBERMAYER REBMANN MAXWELL & HIPPEL, LLP
>1120 Route 73, Suite 420
>Mount Laurel, NJ 08054-5108
>Telephone: 856-795-3300
>Facsimile: (856) 482-0504
>Email: edmond.george@obermayer.com
>michael.vagnoni@obermayer.com
>turner.falk@obermayer.com

FITZPATRICK LENTZ & BUBBA, P.C.

Date: March 23, 2022

BY: */s/Douglas J. Smillie*
Douglas J. Smillie
Attorney I.D. No. 004531984
Joseph S. D'Amico, Jr.
Attorney I.D. No. 007271993
Two City Center
645 West Hamilton Street – Suite 800
Allentown, PA 18101-2197
(610) 797-9000
Attorneys for Defendant
Talen Energy Marketing, LLC